The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72034
Dear Senator Baker:
You have presented the following question for my opinion:
 Are counties authorized to pass ordinances which would prohibit individuals from discarding items like junk cars and appliances on their property which could be construed as a nuisance or public menace?
RESPONSE
I must note as an initial matter that the legality of any particular county ordinance will depend largely upon the language of that ordinance. You have not presented any particular ordinance for my review, but rather, have asked a general question about the authority of counties under state law. This opinion is limited to the scope of your general question, and should not be interpreted as a commentary on the legality of any particular ordinance.
It is my opinion that counties are authorized by state law to enact ordinances that regulate activities that may affect the public's health and safety, such as the disposal of discarded items. However, counties must do so in a manner that does not conflict with state or federal law.
The counties' authority to regulate in this realm arises out of various statutory sources, including:
 • A.C.A. § 14-14-801(b)(3) (authorizing counties to "secure freedom from dangerous or noxious activities").
 • A.C.A. § 14-14-802(b)(2)(E)(i);(F);(H) (authorizing counties to provide through ordinance for "air and water pollution control services;" "solid waste services, including: recycling services and solid waste collection and disposal services;" and "water, sewer, and other utility services, including: sanitary and storm sewers and sewage treatment services").
 • A.C.A. § 14-17-206 (authorizing county planning board's plan to include provision for water, sewer, solid waste, and drainage improvements).
 • A.C.A. § 14-20-109 (authorizing counties to provide for rural solid waste collection and disposal services).
 • A.C.A. § 8-6-212 (mandating that counties establish solid waste management systems, and authorizing counties to issue orders and enact ordinances governing all phases of these systems.)
These sources of authority give counties a firm basis upon which to enact ordinances governing the disposal of discarded items. The counties' power with regard to these matters is restricted, however, in that counties cannot take any action that is contrary to state law. See Ark. Const., Am. 55, § 1; A.C.A. § 14-14-801(a), -805(13), -808, -809(a). Moreover, they are prohibited from issuing any order or enacting any ordinance that is more restrictive than state laws or regulations, or than federal law.See A.C.A. §§ 8-6-209; -212(e). With regard to the regulation of discarded items in particular, counties must be cognizant of state laws on the same subject, such as A.C.A. § 27-74-401 et seq. (regulating junkyards); A.C.A. § 20-27-801 (regulating abandoned containers such as refrigerators); and A.C.A. § 8-6-413 (regulating abandoned vehicles, tires, and appliances). For analysis of particular county ordinances on these matters under state law, see, e.g., Ops. Att'y Gen. Nos. 96-028; 90-038.
Finally, counties must, of course, regulate in a manner that does not offend any constitutional requirement or prohibition. For a discussion of this issue with regard to county regulations, see Op. Att'y Gen. No.2001-132 (discussing constitutional problems with proposed county "junk" ordinances).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MIKE BEEBE Attorney General